# Wertz's Appeal.

69   173
169   68

1. A testator devised his "whole estate, real, personal and mixed," to his two sons, "subject however to the following reservations, to wit: * * I give to my daughter Rachel Masden, $500; also, &c., * * * it is further my will that all the above-mentioned legacies be paid by my two sons as soon as my youngest daughter Margaret shall arrive" at twenty-one. *Held*, to be a charge on land passing by the general devise to the sons, both by the express words of the will, and by blending real and personal estate together in the gift to the sons.

2. In answer to a petition in the Orphans' Court, for the payment of Mrs. Masden's legacy, it was alleged that it had been satisfied under an agreement by building a house for her. If the court had dismissed the petition on that ground, the party would have been remitted to his common-law action, but this would not have destroyed the jurisdiction of the Orphans' Court to decide upon the petition.

3. That the legacy was charged on land was enough to give the Orphans' Court jurisdiction.

May 18th 1871. Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Appeal from the Orphans' Court of *Blair county* : No. 8, to May Term 1871.

This was a proceeding by the administrator of Rachel Masden, deceased, against John Wertz, executor and devisee, and Solomon Wertz, devisee of Jacob Wertz, deceased, to recover a legacy under the will of the decedent, proved August 16th 1848.

The clauses in the will under which the claim was made are the following :—

"And it is further my will, and I do hereby give and bequeath my whole estate, real, personal and mixed, to my two sons John and Solomon, their heirs, executors, administrators and assignees, for ever, subject, however, to the following reservations, to wit: It is my will and I do hereby give and bequeath unto my oldest daughter Rachel the sum of five hundred dollars; * * * also to my youngest daughter Margaret Ellen the sum of five hundred dollars. And it is further my will, and I do order that all and every of the above-mentioned legacies be paid by my two sons John and Solomon as soon as my youngest daughter Margaret Ellen shall arrive at the age of twenty-one years, and without interest until the time."

[Wertz's Appeal.]

Margaret Ellen, the youngest daughter of the testator, attained the age of twenty-one on the 1st of April 1847.   Rachel Masden died January 10th 1856.

On the 26th of April 1856, her administrator presented a petition to the Orphans' Court, setting out the foregoing facts, and averring that the legacy was a charge on a tract of land (which was described in the petition) devised to John and Solomon Wertz, the defendants, and praying for a decree that the defendants should pay the legacy.

The answer denied that the legacy was a charge on the land devised; and further averred that Rachel Masden, the legatee, made a verbal contract with Solomon Wertz, defendant, that he should build a house for her on his farm, in which she was to live during her life, and at her death he was to take the house at a fair valuation and pay the same to her heirs and legatees; that the legacy bequeathed to her should be applied to building the house, and that she should furnish any additional sum of money necessary to pay the cost of erecting it; that the legacy was not sufficient, and by her authority Solomon collected $200 for her from Michael McCue, and applied that sum to the erection of the house, which was completed May 21st 1853; that he notified her that the house was ready, but that she never took possession of it during her life; that the house was not worth to him what it cost, but that he was willing to take it at a fair valuation and account, and pay the representatives of Mrs. Masden the amount of the valuation.

An auditor was not appointed, but there was evidence taken by the defendant as to the terms upon which the house was to be built; some witnesses said that at Mrs. Masden's death, Solomon Wertz was to take it at a valuation which was to be paid to her heirs; one witness said that " upon her death he was to pay the legacy to her heirs, but nothing was said about a valuation."

On the 2d of May 1870, the court decreed " the payment of the legacy and the interest thereon, amounting to $1192.50 and the costs by Solomon Wertz, and that the petitioner levy execution against said Solomon Wertz as well as the lands charged by the said will with the payment of the said legacy, and without prejudice, &c.

The defendant appealed to the Supreme Court, and there assigned the following error :—

" The court erred for want of jurisdiction, in decreeing the payment of the legacy, first, because the legacy was not charged under the will on the land; and, secondly, if under the will the legacy was charged on the land, it was discharged and paid under the agreement, by the legatee, having expended it in the con-

[Wertz's Appeal.]

struction of a house for her by the respondent. The remedy of the petitioner was in the Common Pleas, for the value of the building."

*S. Calvin*, for appellant.—The legacy was not charged on the land : Miltenberger *v.* Schlegel, 7 Barr 241.

The legacy was satisfied. It was not taking a second security ; that is to be determined by the intention of the parties : Jones *v.* Johnston, 3 W. & S. 276.

*S. S. Blair*, for appellee.

The opinion of the court was delivered, May 25th 1871, by

SHARSWOOD, J.—This was a proceeding in the court below under the Act of Assembly of February 24th 1834, § 59, Pamph. L. 84, providing a remedy in the Orphans' Court, wherever a legacy is charged upon land. There is but a single assignment of error, and that is for want of jurisdiction. For this two reasons are stated : First, because the legacy was not charged under the will on the land, and second, that if charged it was discharged and paid by an agreement between the legatee and devisee of the land. It is very clear that this last reason does not affect the jurisdiction of the court, which attaches by reason of the original charge, and has of course power to decide the question whether the legacy has been paid or satisfied directly by money, by release, or by accord and satisfaction, as was attempted in this case. If it was meant to assign for error the decision of the court below upon that question, the assignment is clearly contrary to Rule VI., 6 Harris 578, which declares that " each error relied on must be specified particularly and by itself. If any specification embrace more than one point or refer to more than one bill of exceptions, or raise more than one distinct question, it shall be considered a waiver of all the errors so alleged." It is very true that if the court below after hearing had dismissed the petition on the ground that the accord set up was a bar, the party would have been remitted to his common-law action under that agreement, but it is to confound the plainest distinctions to maintain that when a defendant has made out a good defence to the plaintiff's demands, that destroys the jurisdiction of the court and of course its power to decide at all.

We have really before us then but one question, whether the legacy to Rachel Masden under the will of her father Jacob Wertz was a charge upon the land devised to his two sons John and Solomon. "And it is further my will and I do order, that in case of my decease, I do hereby give and bequeath my whole estate, real, personal and mixed, to my two sons John and Solomon, their heirs, executors, administrators and assignees for ever, sub-

[Wertz's Appeal.]

ject however to the following reservations, to wit: It is my will and I do hereby give and bequeath unto my oldest daughter Rachel, the sum of $500." Then follow various other legacies. Nothing could much more clearly express a charge, than a devise subject to the payment of the legacy: Newman's Appeal, 11 Casey 339; Holliday v. Summerville, 3 Penna. Rep. 533. But apart from the force and effect of that word, it is well settled that a general devise blending the real and personal estate together creates the legacies a charge on the realty: Tucker v. Hassenclever, 3 Yeates 294, affirmed in the High Court of Errors and Appeals, 2 Binn. 525; Witman v. Norton, 6 Binn. 395; McLanahan v. Wyant, 1 Penna. Rep. 111. In Tower's Appropriation, 9 W. & S. 103, the words of the will were, " To my nephew T. I give and bequeath all my estate real and personal, he paying the legacies hereinafter mentioned,"—and they were held to create a charge upon the land devised. "An intent to charge," said Chief Justice Gibson, " has been implied by the English courts from a devise of the residue, real and personal, after payment of legacies: whence a supposed design that the devisee should have nothing till the legacies were first taken out of the land. We went a step, further in McLanahan v. Wyant, 1 Penna. R. 96, when we inferred a design to charge a particular legacy from a blending of the real and personal estate not of the residue, particular parts being excepted: and this too though other legacies were expressly charged. That case has become a rule of property, and it is therefore not to be shaken."

It is very clear, therefore, that the legacy to Rachel Masden was charged on the real estate devised to John and Solomon, and this was enough to give the court jurisdiction. But had it also been separately assigned as an error that the court below did not decide that the agreement set up was a sufficient discharge of the legacy, we think it would not have availed the appellant. Apart from all questions under the Statute of Frauds, we think the weight of the testimony is that as the $500 of Mrs. Masden's legacy, and $200 other money of hers collected from Michael McCue as alleged in the answer, went into a house built by Solomon Wertz on his own land, the $500 was to be accounted for on her death, and repaid by him to her estate. One of the appellant's own witnesses so states the agreement—and it is much more reasonable than what the other witness testified, that Solomon was to have the house at what it was worth at his death; the latter witness being at the time a girl of only twelve years of age.

Decree affirmed and appeal dismissed at the costs of the appellant.