## Snyder's Estate.

*Will—Legacies as charges on land—Blending of realty and personalty in the gift.*

Legacies become a charge upon land by implication from the provision of a will blending the real and personal estates. The gift to Snyder Brown of the entire estate, after the death of testator's widow, subject to the payment of the legacies in question, made them a charge.

This rule of property is not limited in application merely to cases where the blending is in the gift of a residue.

Submitted May 14, 1900. Appeal, No. 203, April T., 1899, by L. M. Allison, administrator of the estate of Mary J. Shepard, in the matter of the petition for payment of legacy out of land from decree of O. C. Butler Co., March T., 1898, No. 54, dismissing said petition. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. W. PORTER, J.

Petition for payment of legacy out of land. Before GREER, P. J.

The facts sufficiently appear in the opinion of the court.

The court below dismissed the petition. L. M. Allison, administrator, appealed.

*Error assigned* was in dismissing the petition and holding that the legacy in question was not a charge on the land of Snyder Brown devised to him by Michael Snyder.

*E. McJunkin*, for appellant.—Wherever the real estate is blended by the testator with the personal, the land is charged by implication of law with the payment of legacies, unless the language of the will shows a contrary intent: McLanahan v. McLanahan, 1 P. & W. 96; Tower's Appropriation, 9 W. & S. 103.

In Wertz's Appeal, 69 Pa. 173, the rule laid down in McLanahan v. McLanahan and Tower's Appropriation, is referred to with approval and emphasized in the opinion of the court.

Nor is the authority of that case to be shaken by the fact that no case, subsequent to Wertz's Appeal, 69 Pa. 173, has been found which makes any reference to it one way or the other. It is enough that it has not been overruled, otherwise this "rule of property" would be of the most unstable kind.

The case of Van Vliet's Appeal, 102 Pa. 574, referred to by the court below, is not a case in point to establish a contrary doctrine.

Neither does the case of Penny's Appeal, 109 Pa. 323, cited in the opinion of the court below, contravene the authority of McLanahan's case.

*W. H. Lusk*, for appellee.—It is settled by abundant authority that where real and personal estate are blended in the residuary clause of a will the legacies are a charge on the real and personal estates so blended: Markley's Estate, 148 Pa. 538; Bennett's Estate, 148 Pa. 139.

In support of his belief that the trend of the modern decisions is to unfetter real estate, make it freely alienable, and to discourage all liens upon the same that are not plain, express and easily to be recognized, the appellee begs leave to call the attention of this court to Haworth's Appeal, 105 Pa. 362.

Where there is no proof that the personal estate is insufficient to pay a legacy this, in itself, is sufficient to defeat a claim that the legacy is charged upon land: Magee's Estate, 30 W. N. C. 478; Wright's Appeal, 12 Pa. 256.

OPINION BY WILLIAM W. PORTER, J., July 26, 1900:

The will of Michael Snyder provided: " First, I will and bequeath to my wife, Nancy, all my real and personal property to have and control as she shall think best during her life."

" It is also my will and desire that after the death of my wife that my real and personal property shall belong to my grandson, Snyder Brown."

" It is also my will and desire that my grandson, Snyder Brown, shall, after the death of my wife, pay to my daughter, Julia, Anne Brown, the sum of $300, to be paid in yearly payments of $100, without interest,—the payments to commence in one year after the death of my wife." Then follows a paragraph directing similar payments to be made to Mary Jane Shepard, —the first payment to be made one year from the last payment to Julia Anne Brown ; followed by another paragraph directing similar payments to be made to Leann Glasgow,—the first payment to be made one year from the last payment to Mary Jane Shepard. This is practically the whole will,—there being no appointment of executors. Mrs. Shepard is dead. The legacy to her has not been paid by Snyder Brown. This proceeding is to enforce its payment as a charge upon the land devised to Snyder Brown.

It is not contended that the legacies are made a charge by expressed direction, but, in the absence of expressed intent, by implication from the provision of the will blending the real and personal estate in the gift to Snyder Brown. In McLanahan v. McLanahan, 1 P. & W. 96, it is said : " It is a principle of English jurisprudence, as well as the unquestioned law of Pennsylvania, that when the real estate is blended by the testator with the personal, the land is charged with the payment of legacies. And the reason assigned is that the whole will may take effect, and all the legacies be paid, which is justly supposed to be the intention of the testator when both funds are put into one."

The learned judge of the court below was of opinion that

this rule of law was only applicable where the blending is in the gift of a residue. In such case the rule has been often applied, but it is not limited to such application. His conclusion is in direct conflict with the case of Tower's Appropriation, 9 W. & S. 103, in which Mr. Chief Justice GIBSON, affirming the rule above quoted, says: "We went a step further in McLanahan v. McLanahan, 1 P. & W. 96, when we inferred a design to charge a particular legacy, from a blending of the real and personal estate in a devise not of the residue, particular parts of the estate being excepted, and this, too, though other legacies were expressly charged. That case has become a rule of property, and it is, therefore, not to be shaken, nor ought there to be a desire to shake it. That the devisee of a residue is to have nothing till the legacies are paid, is certainly a legal inference; but it would seem to follow as naturally from any devise that confounds the land with the personal estate, which is the natural fund." See also Mellon's Appeal, 46 Pa. 165, 175; Wertz's Appeal, 69 Pa. 173, and Davis's Appeal, 83 Pa. 353; Watters v. Steele, 11 Pa. Superior Ct. 303.

In referring to the case of McLanahan v. McLanahan, the learned judge of the court below suggests that it may be possible that the court there treated the devise as a residue. The plain language of the opinion above quoted refutes this suggestion. It is also suggested that there has been no recently expressed indorsement of the rule. The absence of such judicial reaffirmance does not militate against the existence of the rule. Such a condition would lead rather to the conviction that the soundness, clearness and existence of the rule have been so generally accepted as to deter attack.

We are unable to find anything in the will before us indicating an intent on the part of the testator overruling the legal implication of intent, which made the legacies a charge upon the land, by reason of the blending of the real and personal property. We have found nothing in the cases cited to us, which overthrows the rule of property, affirmed and reaffirmed by the Supreme Court.

The decree of the court below is reversed, and it is ordered that the record be remitted, in order that the cause be proceeded with pursuant to the views hereinabove expressed.